692 So.2d 893 (1997)
Lorenzo M. JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 83727.
Supreme Court of Florida.
May 1, 1997.
James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Assistant Public Defender, Tenth Judicial Circuit, Bartow, for Appellant.
Robert A. Butterworth, Attorney General and Carol M. Dittmar, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
We have on appeal the judgment and sentence of the trial court imposing the death penalty upon Lorenzo M. Jenkins. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons expressed below, we affirm the first-degree murder conviction. However, we reverse the trial court's decision to override the jury's life recommendation and remand this case to the trial court for imposition of a life sentence without possibility of parole in accordance with section 775.0823(1), Florida Statutes (1991).
On the evening of June 13, 1993, Amy Walker heard a tapping noise coming from downstairs in her condominium in Pinellas County. She dialed 911, and officer Jeffrey Tackett was dispatched to the scene at approximately 11:15 p.m. When Tackett arrived at the condominium, Walker directed the officer to the back of the condominium. Officer Tackett told the dispatcher that he had a black male suspect at gunpoint and *894 needed backup. Before the backup arrived, the officer reported that the suspect was resisting arrest and had taken the officer's gun. A witness heard a white male voice say "put it down, put it down now, put it down," and heard a shot several seconds later. The officer then told the dispatcher, "I'm shot. It's bad. He's got my gun and he shot me." The officer was shot in the leg, with the bullet piercing the femoral artery. The officer bled to death.
Lorenzo Jenkins rode his bicycle to his estranged wife's house, which was about ten minutes away from the crime scene by bicycle, and arrived there around 11:30 p.m. He told his wife that he was in trouble, that he needed money, and that he had shot a police officer. He had a handcuff dangling from his wrist, and he removed the handcuff with the help of a friend. Several hours later, the police arrested Jenkins.
Jenkins' first trial ended in a mistrial based upon a discovery violation. After a second trial, the jury was instructed on both first-degree premeditated murder and first-degree felony murder. The jury returned a general verdict of guilty on the first-degree murder charge. After the penalty phase, the jury recommended that Jenkins be sentenced to life without possibility of parole. The trial court overrode the jury's recommendation and sentenced Jenkins to death.
On appeal to this Court, Jenkins raises four issues.[1] The first three issues involve the guilt phase of the trial. We find no merit to any of the guilt phase issues and affirm the conviction. We only specifically address the first issue.[2]
In issue one, Jenkins claims that the trial court erred in failing to grant a judgment of acquittal on the question of premeditated murder because the State failed to present evidence from which the jury could have excluded every reasonable hypothesis except that of guilt. Assuming without deciding whether the trial court erred, we find this error would be harmless because the evidence clearly supported a first-degree murder conviction on a felony-murder theory. Mungin v. State, 689 So.2d 1026 (Fla. 1995).
At trial, the jury was properly instructed on first-degree murder under either premeditated or felony-murder. The felony-murder instruction read:
Before you can find the Defendant guilty of first-degree felony murder, the State must prove the following three elements beyond a reasonable doubt: First, that Jeffrey Tackett is dead. Secondly, that the death occurred as a consequence of and while [Lorenzo] Jenkins was engaged in the commission of burglary and/or robbery and/or escape or the death occurred as a consequence of and while [Lorenzo] Jenkins was attempting to commit burglary and/or robbery and/or escape or the death occurred as a consequence of and while [Lorenzo] Jenkins was escaping from the immediate scene of a burglary or an attempted burglary and/or a robbery and/or an escape.
And, thirdly, that [Lorenzo] Jenkins was the person who actually killed Jeffrey Tackett.
In order to convict of first-degree felony murder it is not necessary for the State to prove that the Defendant had a premeditated design or intent to kill.
The jury was then instructed on the elements of each of these underlying felonies, and it returned a general verdict of guilty. We find *895 competent evidence to support the giving of the felony-murder instruction on these underlying felonies. See Grossman v. State, 525 So.2d 833, 837 (Fla.1988). As Jenkins concedes in his brief, the evidence clearly established that the shooting occurred during the commission or attempted commission of one or more of the instructed felonies. See, e.g., Jackson v. State, 498 So.2d 406 (Fla. 1986); State v. Ramsey, 475 So.2d 671 (Fla. 1985) (attempt to flee following arrest is escape); cf. Kearse v. State, 662 So.2d 677 (Fla.1995) (taking of officer's gun and killing him clearly established "commission during a robbery" aggravator). Accordingly, we find this issue without merit.
Although not directly challenged on appeal as insufficient, we find, from our review of the record, that there is sufficient evidence to support the first-degree felony-murder conviction. That conviction is affirmed.
Turning to the penalty phase, Jenkins only raises one issue: whether the trial court erred in overriding the jury's recommendation of a life sentence without the possibility of parole. During the penalty phase, the State introduced evidence that Jenkins had previously been convicted of shooting into an occupied dwelling, a felony involving the use of violence. Jenkins presented the testimony of his estranged wife, who testified that it was her dwelling into which Jenkins fired the shots. However, she testified that she married Jenkins after the shooting and that during their marriage they worked together as managers of an apartment building. Jenkins also presented the testimony of several family members who testified that Jenkins was a good family member. Throughout, Jenkins continued to argue that he only fired one shot and that it was not to the victim's head or a vital organ. After deliberations, the jury recommended life without possibility of parole.
The trial court overrode the jury's recommendation, finding four aggravating circumstances: (1) Jenkins was previously convicted of a felony involving the use of violence to a person; (2) Jenkins committed the murder while engaged in an attempted burglary; (3) Jenkins committed the murder for purpose of avoiding lawful arrest or escape from custody; and (4) the victim was a law enforcement. officer engaged in the performance of his official duties. The trial court found no statutory mitigators and only one nonstatutory mitigator: Jenkins' positive character traits, which the trial court gave little weight.
We have previously clearly held that a trial court may properly override the jury's recommendation only if the facts justifying the death sentence are so clear and convincing that the jury can be said to have acted unreasonably. Brown v. State, 526 So.2d 903 (Fla.1988); Tedder v. State, 322 So.2d 908 (Fla.1975). In other words, the question is whether there is any reasonable explanation for the jury's life recommendation. Hallman v. State, 560 So.2d 223, 226 (Fla.1990).
Upon our review of the totality of the record in this case, we do not conclude that the facts justifying a death sentence are so clear and convincing that the jury can be said to have acted unreasonably. There were several bases upon which the jury could have made its recommendation. For instance, even though there was ample evidence in the record to support beyond a reasonable doubt the aggravating circumstance that Jenkins was previously convicted of a felony involving the threat of violence, the jury could have concluded that this circumstance was entitled to little weight. During the sentencing hearing, Jenkins' wife testified that even though she was the victim of Jenkins' prior conviction of a felony involving the threat of violence, she later married him and worked together with him in the management of an apartment building.
Most significantly, the jury could have based its recommendation on the circumstances of the murder. Jenkins shot the officer once in the leg. Further, the evidence at trial revealed that when the gun was found there was only one bullet missing. Jenkins did not shoot again, even though he would have had the opportunity to do so after the initial shot. See id. (jury's life recommendation could have reasonably been based upon facts that defendant only shot in reaction to shots fired by victim and defendant did not fire again even after he was shot and knew victim was disabled).
*896 Accordingly, we find that the jury override was improper. We affirm the conviction of first-degree murder but vacate Jenkins' death sentence and remand for imposition of life imprisonment without possibility of parole.
It is so ordered.
OVERTON, GRIMES, HARDING and WELLS, JJ., concur.
SHAW, J., concurs in result only as to conviction and concurs as to sentence.
ANSTEAD, J., concurs in result only.
NOTES
[1] These issues are: (1) whether the trial court erred in failing to grant Jenkins' motion for judgment of acquittal as to first-degree premeditated murder; (2) whether the trial court erred in giving the standard jury instruction on premeditation; (3) whether the trial court violated Jenkins' right to be present when peremptory challenges were exercised; and (4) whether the trial court erred in overriding the jury's recommendation of life.
[2] We reject issue two because we have previously found that the standard jury instruction on premeditation properly instructs the jury about the element of premeditated design. Spencer v. State, 645 So.2d 377, 382 (Fla.1994). We also reject issue three on the basis that our decision in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), under which Jenkins seeks relief, is not applicable to Jenkins since Jenkins had already been tried when Coney was issued. Boyett v. State, 688 So.2d 308 (Fla.1996).