840 So.2d 1047 (2003)
Amos Lee KING, Appellant,
v.
STATE of Florida, Appellee.
No. SC03-260.
Supreme Court of Florida.
February 24, 2003.
*1048 Peter James Cannon, Assistant CCRC, Capital Collateral Regional CounselMiddle Region, Tampa, FL, for Appellant.
Charles J. Crist, Jr., Attorney General, Carol M. Dittmar, Senior Assistant Attorney General, and Stephen D. Ake, Assistant Attorney General, Tampa, FL, for Appellee.
PER CURIAM.
Amos Lee King, a prisoner under sentence of death and an active death warrant, has filed an appeal in this Court from orders of the Sixth Judicial Circuit in and for Pinellas County denying a successive motion for postconviction relief and for production of public records. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
The factual background and procedural history of this case are set forth in King v. State, 808 So.2d 1237 (Fla.2002), cert. denied, 536 U.S. 962, 122 S.Ct. 2670, 153 L.Ed.2d 843 (2002). Since that decision, we have considered this case in decisions in respect to Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), in King v. Moore, 824 So.2d 127 (Fla.2002), and King v. Moore, 831 So.2d 143 (Fla.2002), cert. denied, ___ U.S. ___, 123 S.Ct. 657, 154 L.Ed.2d 556 (2002).
King's execution under this warrant was scheduled for December 2, 2002. On November 29, 2002, King filed a motion for a subpoena and an order to release any and all autopsy and medical records in the medical examiner's office regarding John Peel, Jr. The circuit court, on December 1, 2002, entered an order denying this motion filed by King. King appealed to this Court, and this Court entered an order on December 2, 2002, affirming the circuit court's orders. King v. State, 833 So.2d *1049 774 (Fla. Dec.2, 2002).[1] Governor Jeb Bush, on December 2, 2002, stayed King's execution.
Governor Bush thereafter rescheduled King's execution for February 26, 2003. On February 14, 2003, a hearing was begun in the Sixth Judicial Circuit Court on motions filed by King. Following the conclusion of the hearing, the circuit court entered a detailed written order denying the relief sought by King. King then filed this appeal.
The first claim raised in this appeal by King is that the trial court erred in denying King's motion to disqualify the trial judge. The State points out that this is a motion to disqualify a successor judge. King has previously filed motions for trial judge disqualification, and the judges have recused themselves. Disqualification of trial judges is covered by Florida Rule of Judicial Administration 2.160. An order denying a motion pursuant to rule 2.160(g) is reviewed for abuse of discretion. Quince v. State, 732 So.2d 1059, 1062 (Fla. 1999). We find no basis in the record for finding an abuse of discretion by the circuit court in denying King's successive motion for disqualification. Therefore, the circuit court's order denying disqualification is affirmed.
The second claim raised in this appeal is that the circuit court erred in denying King's demand for production of additional public records. The public records alleged to be the subject of this motion involve autopsies performed by Medical Examiner Joan Wood in other unrelated cases. The present issue is the issue which was the subject of a similar motion previously denied by the circuit court, which denial was affirmed by this Court in our order dated December 2, 2002. King v. State, 833 So.2d 774 (Fla. Dec.2, 2002).[2] We likewise affirm the present order of the circuit court denying King's motion.
The third and last claim raised in King's appeal is that the circuit court erred in not granting King's request for records from the Office of the Governor by *1050 ruling that such records were exempt under section 14.28, Florida Statutes (2002). We affirm the circuit court's order on this issue. We agree with the circuit court that the records sought are clemency records, which are exempt from production. The exemption from production has not been waived. The request to compel the Governor to produce the records was correctly denied. See Roberts v. Butterworth, 668 So.2d 580 (Fla.1996); Parole Commission v. Lockett, 620 So.2d 153 (Fla.1993).
Therefore, we affirm the orders of the circuit court which are the subject of this appeal.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, CANTERO, and BELL, JJ., concur.
QUINCE, J., recused.
NOTES
[1] The unpublished order stated:

Amos Lee King, a prisoner under sentence of death and an active death warrant, appeals three orders of the circuit court entered on December 1, 2002, denying the following motions filed by Amos Lee King:
1. Successive Motion to Vacate Judgment and Sentence, and Request for Evidentiary Hearing and Stay of Execution, with date of service on November 29, 2002;
2. Emergency Petition to Stay Execution, Motion for Subpoena and Order to Release Any and All Autopsy and Medical Records in Possession of the Medical Examiner's Office Regarding John Peel, Jr., with date of service on November 29, 2002; and
3. Defendant's Motion to Release Evidence for DNA Testing, with date of service on November 29, 2002.
The history of judicial process in the state and federal courts regarding this case is set out in King v. State, 808 So.2d 1237 (Fla. 2002). In his brief to this Court, King argues the following:
I. The lower court erred when it denied Mr. King's motion to release evidence for DNA testing.
II. The lower court erred when it summarily denied an evidentiary hearing on claims I and II of King's successive motion to vacate judgment served on November 29, 2002.
III. The lower court erred when it summarily denied claims III, IV, and V of King's successive motion to vacate judgment served on November 29, 2002.
King has filed a Motion for Leave to File Amended Brief. We grant the motion to file the amended brief and said brief was filed with this Court on December 2, 2002.
King also seeks a stay of execution.
We affirm the circuit court's orders denying King's motions in respect to all points raised by King in this appeal. We deny the request for a stay of execution. No rehearing shall be allowed.
[2] See supra note 1.