847 So.2d 1018 (2003)
Vilma ADORNO, Appellant,
v.
Edison RIVERA, Sr., Appellee.
No. 5D02-1944.
District Court of Appeal of Florida, Fifth District.
May 2, 2003.
Rehearing Denied June 24, 2003.
*1019 Luis F. Gomez, Sr., Orlando, for Appellant.
Robert J. Wheelock, Orlando, for Appellee.
MONACO, J.
Vilma Adorno ("Mother"), appeals a final judgment which changed primary residential custody from her to Edison Rivera, Sr. ("Father"), the natural father of a female child born to them in 1990.
The Father had little to do with the child for the first several years of her life, apparently because he was trying to save his marriage to another person. In fact, in 1991, the father was court-ordered to pay child support. Eventually, after his marriage was dissolved and he was settled into his second marriage, he filed a petition for child custody and other relief in 1998, alleging that there had been a substantial change of circumstances. The parties entered into a mediated agreement at that time in which the Father's visitation rights were formally established. Two years later the Father filed an Amended Petition For Modification of Final Judgment in which he again alleged substantial change of circumstances. After the issues were joined, the trial court conducted an evidentiary hearing and rendered its Final Judgment Of Modification of Final Judgment in which it changed primary residential responsibility for the child from the Mother to the Father.
The test to be applied by a trial court in considering a modification of child custody is two-pronged. First, the party seeking to modify a custody order must plead and establish that circumstances have substantially or materially changed subsequent to the entry of the original final judgment. Second, the party seeking modification must establish that the change has such an important impact on the child that the court is justified in imposing a change of custody in the best interests of the child. See Miller v. Miller, 671 So.2d 849 (Fla. 5th DCA 1996); Schweinberg v. Click, 627 So.2d 548 (Fla. 5th DCA 1993). Moreover, the party seeking the modification carries an "extraordinary burden" of demonstrating the grounds underpinning the change. Zediker v. Zediker, 444 So.2d 1034, 1036 (Fla. 1st DCA 1984).
The final judgment entered by the trial court makes findings reflecting that the child would be better off living with her father, and that a change would, accordingly, be in her best interest. The Father is undoubtedly better off economically than the Mother, and appears to be able to provide more for the child in a material sense. The final judgment, however, makes no finding that there has been a substantial change of circumstances that would support a modification in the custody of this child who has resided with her mother her entire life.
Indeed, in reviewing the record, we can find no change of circumstances that is apparent from the record, and certainly none that would meet the "extraordinary burden" test. Accordingly, we reverse the order changing primary residential custody, and remand for a hearing on the Mother's counter-petition for increased child support.
REVERSED and REMANDED for proceedings consistent with this opinion.
PETERSON and PLEUS, JJ., concur.