915 So.2d 247 (2005)
John D. MORALES, Appellant,
v.
Janice L. MORALES, n/k/a Janice L. Morales-Jacobs, Appellee.
No. 5D04-3255.
District Court of Appeal of Florida, Fifth District.
December 2, 2005.
*248 Gus R. Benitez and Marilyn B. Lindsey, of Benitez & Butcher, P.A., Orlando, for Appellant.
Neva M. Kelaher, Winter Park, for Appellee.
ORFINGER, J.
John Morales, the former husband, timely appeals a post-dissolution order that changed primary residential custody of the parties' children from the former husband to rotating custody with the former wife, Janice L. Morales n/k/a Janice L. Morales-Jacobs. The former husband contends that the trial court erred (1) in modifying custody when there has been no substantial change of circumstances and (2) by ordering rotating custody without finding that such an arrangement would be in the best interests of the children. We have jurisdiction. Fla. R.App. P. 9.030(b)(1)(A). For the reasons stated hereafter, we reverse.
The 1997 final judgment dissolving the parties' marriage designated the former husband as the primary residential parent of the parties' minor children and granted the former wife liberal visitation. Several years later, the former husband filed a supplemental petition to modify the former wife's summer visitation. The former wife counter-petitioned, arguing that she should be designated the primary residential parent due to a substantial change in circumstances. Following an evidentiary hearing, the trial court determined that the former husband had failed to facilitate shared parenting and had substantially interfered with the former wife's visitation rights. However, the court did not find a substantial change in circumstances. Nevertheless, the court ordered that the parties have rotating custody.
On appeal, the former husband argues that the court's ruling was error because the former wife failed to establish a substantial and material change in circumstances relating to custody since entry of the final judgment of dissolution and because there was no evidence that a change in primary residence would be in the children's best interests.
Section 61.13(4)(c)5., Florida Statutes (2004), provides in relevant part:
(c) When a custodial parent refuses to honor a noncustodial parent's or grandparent's visitation rights without proper cause, the court shall, after calculating the amount of visitation improperly denied, award the noncustodial parent or grandparent a sufficient amount of extra visitation to compensate the noncustodial parent or grandparent, which visitation shall be ordered as expeditiously as possible in a manner consistent with the best interests of the child and scheduled in a manner that is convenient for the person deprived of visitation. In ordering any makeup visitation, the court shall schedule such visitation in a manner that is consistent with the best interests of the child or children and that is convenient for the noncustodial parent or grandparent. In addition, the court:
....
5. May award custody, rotating custody, or primary residence to the noncustodial parent, upon the request of the noncustodial parent, if the award is in the best interests of the child....
This Court has consistently held that a noncustodial parent proceeding under this statute need not prove a substantial change in circumstances to obtain a modification of custody. Rather, the petitioning parent was required only to prove that a violation of visitation rights has occurred and that the best interests of the child support the change in custody. See, e.g., *249 Compton v. Compton, 701 So.2d 110, 112 (Fla. 5th DCA 1997); Steiner v. Romano-Steiner, 687 So.2d 21 (Fla. 5th DCA 1996); Williams v. Williams, 676 So.2d 493, 493-94 (Fla. 5th DCA 1996); see also § 61.13(4)(c), Fla. Stat. (2004). However, that has now changed. After the trial court ruled in this case, in Wade v. Hirschman, 903 So.2d 928 (Fla.2005), the Florida Supreme Court held that the two-part substantial change test announced in Cooper v. Gress, 854 So.2d 262 (Fla. 1st DCA 2003), applies to modification of all child custody matters. Wade, 903 So.2d at 932. The Cooper standard holds that "[i]n seeking a modification of child custody, the movant must show both that the circumstances have substantially, materially changed since the original custody determination and that the child's best interests justify changing custody; furthermore, the substantial change must be one that was not reasonably contemplated at the time of the original judgment." 854 So.2d at 265 (citations omitted). That did not occur here.[1]
Even if a change in custody was warranted, we would be concerned about the rotating custody arrangement ordered by the court. Generally, rotation of residential custody of a child is presumptively not in the best interest of the child. In the Interest of S.M.H., 531 So.2d 228, 231 (Fla. 1st DCA 1988); Elebash v. Elebash, 450 So.2d 1268 (Fla. 5th DCA 1984). A trial court, however, may find special circumstances that justify rotating physical residence. Wilking v. Reiford, 582 So.2d 717 (Fla. 5th DCA 1991); Parker v. Parker, 553 So.2d 309 (Fla. 1st DCA 1989); Gerscovich v. Gerscovich, 406 So.2d 1150 (Fla. 5th DCA 1981). Gerscovich outlined factors that courts have considered important in determining whether rotating custody is favorable to the children. Those factors include (1) the children's ages, (2) the length of each period of custody, (3) the disruptive influences created by alternating custody including the distance that must be traveled, and also (4) the parents' attitude towards each other and how those attitudes affect the children. 406 So.2d at 1152-53; see Parker, 553 So.2d at 311.
In the instant case, the trial court considered the parents' attitude toward each other and how those attitudes affect the children. The trial court found that the former husband failed to allow the former wife to care for the children, and, instead, engaged a babysitter, and that he was not a good facilitator of shared parenting. However, the court concluded that the former husband's actions were "probably as a result of a defense mechanism to the Former Wife's anger." In fact, the trial court determined that the root of the problem in this case was the lack of communication between the parties because both parents have not resolved their anger with each other. The fact that the parents have an acrimonious relationship is alone insufficient to warrant modification of custody. Bazan v. Gambone, 902 So.2d 174, 178 (Fla. 3d DCA 2005); Cooper, 854 So.2d at 266.
Under these circumstances, we conclude that no substantial, competent evidence supports the order of rotating custody where there was no showing of a substantial and material change in circumstances. See Chapman v. Prevatt, 845 So.2d 976 *250 (Fla. 4th DCA 2003) (finding that trial court abused its discretion in modifying custody to institute annual rotating-custody plan, where neither parent had sought rotational residential custody, no evidence was presented indicating that children were being harmed by parents' hostile treatment of each other, and the fact that parents could not get along post-judgment, without more, failed to show substantial or material change in circumstances warranting modification); Newsom v. Newsom, 759 So.2d 718, 719 (Fla. 2d DCA 2000) (stating, "[t]he fact that the parents cannot communicate and get along does not constitute a material change in circumstances to warrant modification of custody"); Zediker v. Zediker, 444 So.2d 1034, 1036 (Fla. 1st DCA 1984) (noting that the "inability of two otherwise intelligent and rational adults to communicate before, during or after visitation" did not amount to a substantial or material change of circumstances "which would justify a change of custody") (emphasis in original).
For these reasons, we reverse the order under review and remand for further proceedings.
REVERSED AND REMANDED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] A trial court has several options available to it when dealing with frustration of visitation rights. It can exercise its contempt powers to compel a reluctant parent to comply with visitation orders or award a make-up period of visitation to square the loss of past visitation rights. Julian v. Bryan, 710 So.2d 1037, 1039 (Fla. 2d DCA 1998). The trial court can also change custody pursuant to section 61.13(4)(c)5., Florida Statutes, if the standard adopted in Wade is met.