943 So.2d 897 (2006)
Michael Ira SMALL, Appellant/Cross-Appellee,
v.
Darlanne FLUEGEL-SMALL, Appellee/Cross-Appellant.
No. 5D06-430.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
Barry Rigby, Orlando, for Appellant/Cross-Appellee.
John R. Hamilton of Foley & Lardner, LLP, Orlando, for Appellee/Cross-Appellant.
*898 PER CURIAM.
Michael Small appeals from a non-final order temporarily granting sole parental responsibility of Small's minor son, C.S., to Small's ex-wife, and limiting Small's visitation with C.S. on a temporary basis. Small argues that the order should be vacated because it was entered after the trial judge erroneously denied his motion to disqualify. Alternatively, Small argues that the court erred by modifying the parental responsibility and visitation provisions of the original final judgment because there was no substantial change in circumstances justifying the modification. We disagree, and affirm.
With respect to Small's first issue, Small had already successfully moved to disqualify the first judge assigned to the case by alleging bias or prejudice. The denial of a motion to disqualify a successor judge is reviewed for abuse of discretion, see King v. State, 840 So.2d 1047, 1049 (Fla.2003), and should only be disturbed if "the record clearly refutes the successor judge's decision to deny the motion." Pinfield v. State, 710 So.2d 201, 202 (Fla. 5th DCA 1998). We see no basis in this record for finding an abuse of discretion in the denial of Small's successive motion to disqualify, and affirm as to this issue without further discussion.
With respect to the second issue raised on appeal, the trial court temporarily changed the parental responsibility and visitation provisions after holding an evidentiary hearing and making findings of fact that are supported by the record. The court found that Small's ex-wife, Ms. Fluegel-Small, sent C.S. to Reno, Nevada, to spend five weeks with his father over the summer. To facilitate C.S.'s ability to maintain contact with her while residing with his father, Fluegel-Small provided C.S. with a pre-paid cellular phone.[1] She also sent C.S. with enough clothing and prescription medications for his five-week stay in Nevada.
Despite the court's explicit order regarding open contact, Small took the pre-paid phone away from C.S. when he arrived in Nevada, and, according to C.S., refused to allow him to call his mother. When the scheduled five-week stay was over, Small also refused to return C.S. to his mother. Instead, he filed for a domestic violence injunction against Fluegel-Small in Nevada. Small's Nevada petition raised allegations of abuse by Fluegel-Small against C.S. that had been rejected by the court in Florida.[2] Even after the Florida court ordered Small to return C.S., Small refused to do so.
Ultimately, however, the Nevada court also ordered Small to immediately return C.S. In accordance with the Nevada court's order, Small delivered C.S. to Fluegel-Small's Nevada attorney, at a Nevada police station. Small left C.S. at the police station with "only the clothes on his back" and a "lunch pail filled with candy and junk food."
According to experts (including the court's own independently-appointed expert), *899 the whole summer ordeal was traumatic for C.S. The court found other instances of flagrant violations, by Small, of the court's directives; found that Small was solely responsible for the emotional trauma experienced by C.S.; and found that Small's misconduct would likely continue, to the detriment of C.S., without the court's immediate intervention.
Because these findings are supported by competent and substantial evidence, they cannot be disturbed on appeal. E.g., Shaw v. Shaw, 334 So.2d 13 (Fla.1976). Contrary to Small's argument, these facts demonstrate a substantial, material change in circumstances since entry of the original custody order, and that the child's best interests justified the temporary change to sole parental responsibility and the temporary limitations on Small's visitation rights. See, e.g., Morales v. Morales, 915 So.2d 247 (Fla. 5th DCA 2005) (holding movant seeking modification of child custody must show both that the circumstances have substantially and materially changed since the original custody determination and that the child's best interests justify changing custody). Accordingly, we find no abuse of discretion in the trial court's order. See Wade v. Hirschman, 903 So.2d 928, 935 (Fla.2005) ("On appellate review, an order changing custody has a presumption of correctness and will not be disturbed absent a showing of abuse of discretion.").
AFFIRMED.
ORFINGER, LAWSON, and EVANDER, JJ., concur.
NOTES
[1] The trial court's initial custody order expressly provided that: (1) "Each parent is affirmatively required to encourage a loving relationship with the other parent;" and (2) "The Court orders that there shall be free and open telephone contact by each parent with the children at reasonable times and places and that the telephone conversations between a parent and child should not be monitored or recorded by the other parent. In the event that either parent restricts or limits free and open telephone contact, the court will impose sanctions. . . ."
[2] Small also reported the alleged abuse to the Florida Department of Children and Families, which found no evidence to substantiate the allegations.