COHEN, J.
 

 We review the trial court’s post-dissolution order transferring primary residential custody of the parties’ fifteen-year-old son to his father, Appellee Steven Mesibov. Because we conclude the trial court erred in finding a substantial change of circumstances, we reverse and direct the child be returned to the primary residential custody of the Appellant, the mother.
 

 An order changing custody enjoys a presumption of correctness and will not be disturbed absent a showing of abuse of discretion.
 
 Wade v. Hirschman,
 
 903 So.2d 928, 935 (Fla.2005). However, a trial court’s authority and discretion in modifying custody are far more restricted than in initially determining custody.
 
 Cooper v. Gress,
 
 854 So.2d 262, 265 (Fla. 1st DCA 2003). In seeking a change of custody, the movant carries the “extraordinary burden” of showing that the circumstances have substantially and materially changed since the original custody determination and the child’s best interests justify changing custody.
 
 McGregor v. McGregor,
 
 418 So.2d 1073, 1074 (Fla. 5th DCA 1982);
 
 Bartolotta v. Bartolotta,
 
 687 So.2d 1385, 1386 (Fla. 4th DCA 1997).
 
 See also Morales v. Morales,
 
 915 So.2d 247, 249 (Fla. 5th DCA 2005). Furthermore, the substantial and material change must be one that was not
 
 *892
 
 reasonably contemplated at the time of the original judgment.
 
 Cooper,
 
 854 So.2d at 265.
 

 Since their divorce ten years ago, the parents have litigated various issues related to them three children. This matter arose when the mother sought to modify the final judgment to allow her to claim the federal tax exemptions for the minor children.
 
 [1]
 
 When the mother refused to withdraw this claim, the father made good his threat to counter-petition for modification of the final judgment, requesting primary residential custody of their son. In turn, the mother responded, seeking attorney’s fees, a change in ownership of the father’s life insurance policy, and modification of the visitation order to allow flexibility regarding Tuesday night visitation and nightly telephone contact.
 

 The father alleged that a substantial and material change in circumstances occurred because the mother successfully managed to alienate their daughters’ affection from him, but that this campaign had not yet been successful on their son. The father did not present evidence to support his allegations of parental alienation and the trial court did not make any such findings.
 

 Instead, the trial court based its ruling on evidence that the father was more likely to ensure the child was engaged in productive, normal, and healthy extracurricular activities, and the child would benefit from a greater male influence in his life. The trial court concluded that the child’s development was “disturbingly retarded.” It went on to find that the child possessed unreasonable fears for his age, and had “unmanlike” toilet behavior.
 
 [2]
 

 We hold that the allegations and evidence are insufficient as a matter of law to satisfy the substantial change test. The child simply did not conform to either the father’s or trial court’s perception of manliness. To the contrary, the evidence showed the child was well-behaved, an excellent student, involved in church activities outside school, and maintained an excellent relationship with his father. While the father criticized the mother, in part, for her singular interest in children and church, her lifestyle does not demonstrate a substantial and material change to justify a custody modification.
 

 The preliminary question of a substantial and material change is a prerequisite to considering the best interests of the child under section 61.13(2)(d), Florida Statutes.
 
 Ogilvie v. Ogilvie,
 
 954 So.2d 698, 700 n. 2 (Fla. 1st DCA 2007), citing
 
 Wade,
 
 903 So.2d at 933-34. Because the father failed to satisfy the extraordinary burden of showing a substantial and material change, we need not address the best interest analysis under section 61.13(2)(d). If the noncustodial parent fails to establish that a substantial and material change has occurred, the modification order should be reversed.
 
 Bartolotta,
 
 687 So.2d at 1387, citing
 
 Evans v. Evans,
 
 490 So.2d 1035 (Fla. 1st DCA 1986).
 

 Because we reverse and remand for further proceedings on telephone and weekly visitation, we take this opportunity to comment on the focal aspect of the trial court’s best interest analysis. It found the father was more likely to allow the child frequent
 
 *893
 
 and continuing contact with the nonresidential parent based on a 2005 contempt order that required the mother to facilitate nightly telephone contact between the father and the children. The father did not, however, allege an interference with visitation. Although the mother admitted that she occasionally failed to coordinate the nightly call, we cannot agree that what amounted to one missed nightly telephone call per month substantially violated the father’s visitation rights.
 

 Accordingly, we reverse the trial court’s order changing primary residential custody of the child and direct the trial court to reinstate primary residential custody with the mother. Because the trial court did not address the mother’s request for greater flexibility in the children’s weekly visitation and nightly telephone call requirements, or her request for the federal tax exemption, upon remand, the trial court shall consider these requests. We otherwise affirm the trial court’s rulings on the life insurance policy and the mother’s request for attorney’s fees.
 

 AFFIRMED IN PART, REVERSED IN PART, and REMANDED with directions.
 

 MONACO, C.J., and THOMPSON, E., Senior Judge, concur.
 

 [1]
 

 . Originally, the parties' agreement allowed the father all tax exemptions for the children, set child support in contemplation of each child's reaching the age of majority, and provided there would be no changes in child support in the event the father’s income increased. On two prior occasions, the father successfully petitioned for a decrease in his child support obligation.
 

 [2]
 

 . The child would sit to urinate and was self-conscious about urinating in the woods during excursions with the father.