SAWAYA, J.
 

 The mother, Debra Clark, appeals the trial court’s post-dissolution order temporarily transferring primary residential custody of the parties’ now ten-year-old son to the father, Brett Clark. The mother contends that the father failed to plead and prove a substantial change in circumstances sufficient to warrant a change in custody.
 

 The parties’ marital settlement agreement provided that the mother was to be the primary residential parent, and thus the child resided with the mother during the pendency of the dissolution. As the dissolution proceedings progressed, the child started to experience emotional problems. Ultimately, the final judgment incorporated the settlement agreement and ordered that the mother have primary residential responsibility for the child.
 

 A few weeks after the final judgment was rendered, the father filed a Supplemental Petition for Modification of the final judgment, seeking to have primary custody changed to himself. However, before that petition could be heard, the father filed a Motion for Temporary Custody of Minor Child, alleging that it was in the best interests of the child that the father be given temporary custody until the issues between the parties could be resolved. . An evidentiary hearing was held, and the trial court entered the order we now review changing temporary custody to the father.
 
 [1]
 

 In order to prevail on a petition for change of custody, including a petition for temporary change, the petitioner must
 
 *991
 
 plead and prove, and the trial court must find, the following: 1) a substantial change of circumstances occurred since entry of the previous custody order that was not reasonably contemplated when the previous order was entered; and 2) the requested change of custody is in the best interests of the child.
 
 Mesibov v. Mesibov,
 
 16 So.3d 890 (Fla. 5th DCA 2009);
 
 Haddix v. Emret,
 
 992 So.2d 883 (Fla. 2d DCA 2008);
 
 Argamon v. Argamon,
 
 949 So.2d 266, 267 (Fla. 4th DCA 2007);
 
 Small v. Fluegel-Small,
 
 943 So.2d 897, 899 (Fla. 5th DCA 2006);
 
 Foster v. Pearson,
 
 925 So.2d 1136 (Fla. 5th DCA 2006);
 
 Glover v. Glover,
 
 820 So.2d 324, 325 (Fla. 5th DCA 2001) (“This test applies whether the party seeks a temporary or permanent modification of custody after the entry of the original final judgment.”);
 
 Wilson v. Roseberry,
 
 669 So.2d 1152, 1154 (Fla. 5th DCA 1996);
 
 Schweinberg v. Click,
 
 627 So.2d 548 (Fla. 5th DCA 1993). The first requirement is a prerequisite of the second.
 
 Mesibov,
 
 16 So.3d at 892. This court has described the petitioner’s burden as “extraordinary.”
 
 Id.
 
 at 891;
 
 Adorno v. Rivera,
 
 847 So.2d 1018, 1019 (Fla. 5th DCA 2003). Hence, while a trial court has discretion in awarding custody, that discretion is more restricted when modifying previously entered custody orders.
 
 Mesibov,
 
 16 So.3d at 891 (citing
 
 Wade v. Hirschman,
 
 903 So.2d 928, 935 (Fla.2005);
 
 Cooper v. Gress,
 
 854 So.2d 262, 265 (Fla. 1st DCA 2003));
 
 Miller v. Miller,
 
 671 So.2d 849 (Fla. 5th DCA 1996);
 
 Schweinberg.
 

 Here, the father’s petition for temporary custody does not allege, and the father failed to prove, a substantial and material change of circumstances. Although the child has emotional problems, that fact was recognized before the court ever signed the dissolution judgment and thus could not have been relied upon as a substantial change of circumstance. Moreover, the trial court did not make a finding of substantial and material change of circumstances. As the court in
 
 Bon v. Rivera,
 
 10 So.3d 193 (Fla. 4th DCA 2009), explained:
 

 “In the absence of a properly pled modification petition, it is error to enter a modification order. Further, if the noncustodial parent fails to allege that a substantial and material change has occurred and the trial court fails to make a similar finding, the modification order should be reversed.”
 
 Bartolotta v. Bartolotta,
 
 687 So.2d 1385, 1387 (Fla. 4th DCA 1997) (citation omitted);
 
 see also Kilgore v. Kilgore,
 
 729 So.2d 402, 405 (Fla. 1st DCA 1998) (“A modification order should be reversed if the noncustodial parent fails to allege the occurrence of a substantial and material change of circumstances, and the trial court fails to make a finding to that effect.”).
 

 Id.
 
 at 195;
 
 see also Miller v. Miller,
 
 992 So.2d 346, 348 (Fla. 3d DCA 2008) (“We review the instant custody modification determination de novo and reverse because the Father neither pled nor proved ‘that the circumstances have substantially, materially changed since the original custody determination,
 
 and
 
 ... that the child’s best interests justify changing custody.’ ” (quoting
 
 Wade,
 
 903 So.2d at 931 n. 2)). Hence, the failure to plead and prove a substantial change of circumstances and the lack of appropriate findings in the order under review require reversal.
 

 The father argues at some length the fact that the temporary change was in the
 
 *992
 
 child’s best interests. However, as previously explained, to warrant a change in custody, there first must be evidence of a substantial change of circumstances; the requirement of the best interest of the child is not sufficient by itself to meet the petitioner’s burden to establish a change in child custody.
 
 Mesibov,
 
 16 So.3d at 892;
 
 Adorno,
 
 847 So.2d at 1019 (holding that while change in custody may be in child’s best interest, the order granting change of custody must be reversed because petitioner did not prove substantial change in circumstances). We explained in
 
 Mesibov:
 

 The preliminary question of a substantial and material change is a prerequisite to considering the best interests of the child under section 61.13(2)(d), Florida Statutes.
 
 Ogilvie v. Ogilvie,
 
 954 So.2d 698, 700 n. 2 (Fla. 1st DCA 2007), citing
 
 Wade,
 
 903 So.2d at 933-34. Because the father failed to satisfy the extraordinary burden of showing a substantial and material change, we need not address the best interest analysis under section 61.13(2)(d). If the noncustodial parent fails to establish that a substantial and material change has occurred, the modification order should be reversed.
 
 Bartolotta,
 
 687 So.2d at 1387, citing
 
 Evans v. Evans,
 
 490 So.2d 1035 (Fla. 1st DCA 1986).
 

 Mesibov,
 
 16 So.3d at 892.
 

 We conclude the trial court abused its discretion in entering the temporary order changing custody to the father. That order is reversed, and this case is remanded to the trial court for further proceedings.
 

 REVERSED and REMANDED.
 

 MONACO, C.J. and PALMER, J., concur.
 

 [1]
 

 . Inexplicably, although ordering that the mother have visitation with the minor child
 
 *991
 
 every other weekend, the trial court held: “If the minor child desires to spend more time with the Petitioner/Former Wife, then he shall be allowed to do so. If the minor child desires to spend less time with the Petitioner/Former Wife, then he shall be allowed to do so.” Such an order improperly places decisions with regard to visitation in the hands of the child.