PER CURIAM.
Jerome L. Baker (“Former Husband”) appeals the trial court’s postdissolution order transferring temporary “custody” of the parties’ minor children to Sabrina J. Gray (“Former Wife”) until further order of the court.[1] Former Husband argues that the court erred in temporarily changing custody because Former Wife failed to plead and prove a substantial change in circumstances since the last custody determination and by modifying custody at a hearing that was not noticed for a modification proceeding. We agree and reverse.
*492 The parties’ marriage was dissolved by a final judgment entered on September 17, 2008. Since then, the parties have engaged in years of contentious litigation involving their minor children. In December 2011, Former Husband filed a supplemental petition to modify the parenting plan, and on July 11, 2013, after trial, the court entered a supplemental final judgment granting Former Husband majority time-sharing and ordering Former Wife to pay child support. On appeal, this court affirmed that portion of the supplemental final judgment. J.L.B. v. S.J.B. 135 So.3d 468 (Fla. 5th DCA), review denied, 143 So.3d 919 (Fla.2014), cert. denied, — U.S. —, 135 S.Ct. 166, 190 L.Ed.2d 49 (2014).
Immediately after the mandate was issued in the prior appeal, the trial court entered an order providing Former Wife with “visitation” with the parties’ children. Not long thereafter, Former Husband filed a motion for contempt, asserting Former Wife was violating this order. Former Wife then filed a “Motion for Court Assistance.” The court held a hearing on both motions and, after hearing argument from the pro se parties, denied Former Husband’s motion for contempt and entered an order placing “the children in the custody of the mother until further [order] of the court.”[2]
In order to prevail on a petition for permanent or temporary change of custody, this court has stated that:
[T]he petitioner must plead and prove, and the trial court must find, the following: 1) a substantial change of circumstances occurred since entry of the previous custody order that was not reasonably contemplated when the previous order was entered; and 2) the requested change of custody is in the best interests of the child.
Clark v. Clark, 35 So.3d 989, 990-91 (Fla. 5th DCA 2010). If the first requirement is not met, this court need not address the second. See Mesibov v. Mesibov, 16 So.3d 890, 892 (Fla. 5th DCA 2009).
Here, Former Wife’s “Motion for Court Assistance” was not a properly-pled modification petition because it did not allege the occurrence of a substantial and material change of circumstances. See Kilgore v. Kilgore, 729 So.2d 402, 405 (Fla. 1st DCA 1998) (“A modification order should be reversed if the noncustodial parent fails to allege the occurrence of a substantial and material change of circumstances, and the trial court fails to make a finding to that effect.”). In addition, it did not sufficiently place Former Husband on notice that a modification of the prior custody determination was being sought. “In the absence of a properly-pled modification petition, it is error to enter a modification order.” Bon v. Rivera, 10 So.3d 193, 195 (Fla. 4th DCA 2009) (quoting Bartolotta v. Bartolotta, 687 So.2d 1385, 1387 (Fla. 4th DCA 1997)). Therefore, we conclude that the trial court abused its discretion in entering the order placing the children in the temporary custody of Former Wife. That order is reversed, and this case is remanded to the trial court for further proceedings.
REVERSED and REMANDED.
PALMER, EVANDER and LAMBERT, JJ., concur.

. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).

. Although the trial court, in its order, considered the hearing an evidentiary hearing, neither party was sworn in to testify and no separate witness testified under oath.