EVANDER, J.
Kelsey Cockrell (the mother) appeals from an order on a motion for contempt that provided, inter alia, for a modification of the parties’ timesharing schedule for their two-year-old child. We reverse because the mother was not placed on proper notice that a modification of the timeshar-ing schedule would be at issue.
Pursuant to the parties’ settlement agreement, a final judgment of paternity was entered on December 10, 2013. The settlement agreement recognized that Tyler Kinnett (the father), was a member of the United States military and stationed in California. The agreement provided that the child would live primarily with the mother (in Florida) and that any substantial change to the parenting plan “must be. sought through the filing of a supplemental petition for modification.”
On October 22, 2014, the father filed a motion for contempt, alleging that the mother had wrongfully prevented him from exercising his timesharing rights with the child on three separate occasions. The motion did not allege that there had been a substantial change in circumstances, or that a modification would be in the child’s best interest. Although the father requested a modification of the timesharing arrangement in the body of the motion, no such request was made in the prayer for relief. Most significantly, the father did not file a supplemental petition for modification.
The father subsequently served a notice of hearing, requesting that thirty minutes be set aside for a hearing on his motion for contempt. After a brief evidentiary hearing, the trial court entered its order of contempt, finding that the mother had failed to adhere to the requirements of the parenting plan and awarding the father attorney’s fees and costs.[1] The order further provided that the timesharing schedule would be modified with each party having “rotating time with the minor child by three (3) month[s] on, three (3) month[s] off basis.”' This rotation was to continue until the child was enrolled in school or until further order of the court.
The father was only entitled to a modification of the timesharing schedule if he pled and proved: (1) a substantial change of circumstances had occurred *1043 since entry of the final judgment of paternity; and (2) the requested change would be in the best interests of the child. See Baker v. Baker, 157 So.3d 491, 492 (Fla. 5th DCA 2015); Clark v. Clark, 35 So.3d 989, 990-91 (Fla. 5th DCA 2010). Here, the father failed to file a supplemental petition for modification. Indeed, he failed to file any motion or pleading that alleged a substantial change of circumstances or that modification would be in the best interests of the child. As a result, the mother was not placed on proper notice that a modification of the prior timesharing determination would be considered at the hearing on the motion for contempt. See Baker, 157 So.3d at 492.
We conclude, accordingly, that it was error for the trial court to modify the timesharing schedule set forth in the parenting plan.
REVERSED and REMANDED.
BERGER and WALLIS, JJ., concur.

. These portions of the trial court's order are not challenged on appeal.