# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

Case No. 5D2025-0058
LT Case No. 2021-DR-000556

———————————————————

RICHARD BAZINET,

     Appellant,

     v.

CHRISTINA PINKERTON,

     Appellee.

———————————————————

On appeal from the Circuit Court for Lake County.
Michael G. Takac, Judge.

Shannon McLin, of Florida Appeals, Orlando, for Appellant.

No Appearance for Appellee.


December 19, 2025


BOATWRIGHT, J.

The Appellant, Richard Bazinet ("Father") challenges an order granting the expedited motion for contempt and enforcement and for child pick up order filed by Appellee, Christina Pinkerton ("Mother"). The trial court's order granted the Mother's make-up visitation and modified the minor child's school designation. This modification authorized the Mother to retain the child overnight on all school nights to accommodate the change, thereby altering

the time-sharing schedule as well. We agree with the Father that the trial court erred by modifying the school designation and the time-sharing schedule. We otherwise affirm the trial court's order and limit this opinion to whether the trial court improperly modified the final judgment within the order.

## I.

The Father and the Mother are the biological parents of a 9-year-old daughter, M.B. Though they never married, the parties separated in early 2021, and the Mother filed a petition to formally establish paternity and for related relief. In April 2024, a final judgment of paternity ("Final Judgment") was entered establishing that the Father was the natural father of M.B. Specific to this appeal, the Final Judgment established that equal time-sharing was in M.B.'s best interest, and the schedule was detailed in a court-established parenting plan. The Final Judgment also resolved the parents' dispute over M.B.'s education by determining it was in her best interest to continue attending Faith Lutheran School through the eighth grade.

In October 2024, the Mother filed the expedited motion for contempt, alleging that the Father had willfully violated the parenting plan and Final Judgment. The Mother argued that the Father had withheld visitation from the Mother and enrolled M.B. in a virtual school in violation of the Final Judgment. The Mother specifically requested that she be awarded make-up visitation and that M.B. be reenrolled in Faith Lutheran School.

Following a hearing on the Mother's motion, the trial court found the Father in willful contempt of the Final Judgment. Although the trial court awarded the requested make-up visitation, it deviated *sua sponte* from the Mother's request regarding schooling, ordering M.B.'s enrollment in The Villages Charter School rather than Faith Lutheran School. The trial court also ordered that M.B. stay overnight with the Mother on all school nights "if necessary" to accommodate this change, an action that would alter the Final Judgment's equal time-sharing provision. The trial court made no finding of a substantial change in circumstances to justify modifying the Final Judgment, but it did find the change in school and corresponding overnight visitation to

2

be in the best interest of the child. The Father's subsequent motion for rehearing was denied.

## II.

On appeal, the Father specifically challenges the portion of the order modifying M.B.'s school designation and the resulting alteration of the visitation schedule. The Father argues that the modification of the Final Judgment constitutes a denial of due process because the trial court acted without the Mother's necessary pleading of a substantial and material change in circumstances which was in the best interest of M.B. Furthermore, he argues that the trial court failed to include the required findings in its order to support these modification standards.

"[A] court violates due process when it awards a remedy that a party did not seek." *Eadie v. Gillis*, 363 So. 3d 1115, 1117 (Fla. 5th DCA 2023). This Court has held that a trial court violates a party's due process rights by granting unrequested relief in a motion for contempt—such as modifying a child's school designation—without providing proper notice to the parties. *See Velez v. Lafontaine*, 318 So. 3d 630, 631–32 (Fla. 5th DCA 2021) (finding that the trial court's modification of a child's school placement violated the father's procedural due process right to notice by granting relief not requested by pleadings, where the only motion before the court was a contempt motion in regards to the parties' timesharing); *see also Cockrell v. Kinnett*, 177 So. 3d 1041, 1042–43 (Fla. 5th DCA 2015) (reversing the trial court's order altering the timesharing schedule where the father only moved for contempt against the mother and failed to file a supplemental petition for modification).

When a final judgment determines issues concerning the care of the child, including school choice, the trial court cannot change or modify the school designation without applying the "substantial change" test set forth in *Wade v. Hirschman,* 903 So. 2d 928, 933–34 (Fla. 2005). *See Martinez v. Kurt*, 9 So. 3d 54, 57 (Fla. 3d DCA 2009); *see also Segarra v. Segarra,* 947 So. 2d 543, 547 (Fla. 3d DCA 2006) ("Although in . . . *Wade* the [court] adopted the substantial change test for modification of a rotating custody agreement, the same concerns apply to modification of any aspect

3

of the final judgment."). To satisfy the substantial change test, the petitioner must plead and show both that the circumstances have substantially, materially changed since the original judgment was entered and that the child's best interests justify modifying the judgment. *Segarra*, 947 So. 2d at 547. Thus, without a properly pled modification petition, it is error to enter a modification order. *See Clark v. Clark,* 35 So. 3d 989, 991 (Fla. 5th DCA 2010) (holding that if a petitioner fails to allege that a substantial and material change has occurred and the trial court fails to make a similar finding, the modification order should be reversed).

In this matter, the trial court modified the Final Judgment without providing the Father due process. The Mother's motion did not request a change to either the school designation or the time-sharing plan established in the Final Judgment. However, the trial court's order modified both. Specifically, the trial court changed the school designation without request and, additionally, its order had the potential effect of eliminating the Father's overnight visitation on school nights, thereby modifying the existing time-sharing plan. By granting relief not sought by either party and failing to place the Father on proper notice, the trial court's order constituted an improper modification of the Final Judgment and a deprivation of the Father's right to due process.

Furthermore, the Mother's motion was improperly pled for the purpose of modifying the Final Judgment. The Mother failed to plead the requisite substantial change in circumstances or that the modification would be in the best interests of the child. Accordingly, the trial court lacked a properly pled petition for modification to justify consideration of these changes.

In addition, the trial court's order does not make a finding that there was a substantial change in circumstances warranting a modification of either the change in school designation or the time-sharing agreement. We acknowledge that the trial court mentioned that it found these modifications to be in the best interest of the child. Even so, the trial court must first determine that a substantial change in circumstances warrants modification before considering the best interest of the child. *See Clark*, 35 So. 3d 989, 990–91 (holding that a determination of a substantial change in circumstances is a prerequisite to determining if the

modification is in the best interest of the child). Reversal of the order is therefore required as to these points.

### III.

We reverse the portion of trial court's order regarding the modification of M.B.'s school designation and related amendment to the time-sharing plan, which provided the Mother discretion to eliminate the Father's overnight visitation on school nights. However, we affirm the trial court's order in all other aspects.

AFFIRMED, in part; REVERSED, in part.

JAY, C.J., and WALLIS, J., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––