## HILDWIN *v.* FLORIDA

No. 88–6066.   Decided May 30, 1989

Per Curiam.

This case presents us once again with the question whether the Sixth Amendment requires a jury to specify the aggravating factors that permit the imposition of capital punishment in Florida.  Petitioner, Paul C. Hildwin, Jr., was indicted for, and convicted of, first-degree murder.  Under

Florida law, that offense is a capital felony punishable by death or life imprisonment. Fla. Stat. § 782.04(1)(a) (1987). Upon a defendant's conviction of a capital felony, the court conducts a separate sentencing proceeding after which the jury renders an advisory verdict. Fla. Stat. § 921.141 (Supp. 1988). The ultimate decision to impose a sentence of death, however, is made by the court after finding at least one aggravating circumstance. *Ibid.* If the court imposes a sentence of death, it must "set forth in writing its findings upon which the sentence of death is based." *Ibid.* In petitioner's case, the jury returned a unanimous advisory verdict of death, and the judge imposed the death sentence. In the order imposing the death sentence, the trial judge found four aggravating circumstances: petitioner had previous convictions for violent felonies, he was under a sentence of imprisonment at the time of the murder, the killing was committed for pecuniary gain, and the killing was especially heinous, atrocious, and cruel. The trial judge found nothing in mitigation.

On appeal to the Florida Supreme Court, petitioner argued that the Florida capital sentencing scheme violates the Sixth Amendment because it permits the imposition of death without a specific finding by the jury that sufficient aggravating circumstances exist to qualify the defendant for capital punishment. The court rejected this argument without discussion and affirmed petitioner's conviction and sentence of death. 531 So. 2d 124 (1988).*

In *Spaziano* v. *Florida*, 468 U. S. 447 (1984), we rejected the claim that the Sixth Amendment requires a jury trial on

---

*Petitioner did not present this issue to the trial court, but raised it for the first time in the Florida Supreme Court. Respondent therefore argues that the decision below rests on an adequate and independent state ground. The Florida Supreme Court, however, did not rest its decision on this procedural argument, finding instead that there was "no merit" to petitioner's claim. 531 So. 2d, at 129. In these circumstances, we have jurisdiction to reach the merits. See *Caldwell* v. *Mississippi*, 472 U. S. 320, 327 (1985).

the sentencing issue of life or death. In that case, we upheld against Sixth Amendment challenge the trial judge's imposition of a sentence of death notwithstanding that the jury had recommended a sentence of life imprisonment. We stated: "The fact that a capital sentencing is like a trial in the respects significant to the Double Jeopardy Clause . . . does not mean that it is like a trial in respects significant to the Sixth Amendment's guarantee of a jury trial." *Id.*, at 459. We did not specifically note that the death sentence may only be imposed if the judge makes a written finding of an aggravating circumstance. If the Sixth Amendment permits a judge to impose a sentence of death when the jury recommends life imprisonment, however, it follows that it does not forbid the judge to make the written findings that authorize imposition of a death sentence when the jury unanimously recommends a death sentence.

Nothing in our opinion in *McMillan* v. *Pennsylvania*, 477 U. S. 79 (1986), suggests otherwise. We upheld a Pennsylvania statute that required the sentencing judge to impose a mandatory minimum sentence if the judge found by a preponderance of the evidence that the defendant visibly possessed a firearm. We noted that the finding under Pennsylania law "neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty; it operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it." *Id.*, at 87–88. Thus we concluded that the requirement that the findings be made by a judge rather than the jury did not violate the Sixth Amendment because "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact." *Id.*, at 93. Like the visible possession of a firearm in *McMillan*, the existence of an aggravating factor here is not an element of the offense but instead is "a sentencing factor that comes into play only after the defendant has been found guilty." *Id.*, at 86. Accordingly, the Sixth Amendment does not require that the

specific findings authorizing the imposition of the sentence of death be made by the jury.

The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted, and the judgment of the Supreme Court of Florida is

*Affirmed.*

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting), I would vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976), (MARSHALL, J., dissenting), I would grant the petition for certiorari and vacate the death sentence in this case.

Even if I did not hold this view, I would dissent from the Court's decision today to affirm summarily the decision below. I continue to believe that summary dispositions deprive litigants of a fair opportunity to be heard on the merits and create a significant risk that the Court is rendering an erroneous or ill-advised decision that may confuse the lower courts. See *Pennsylvania* v. *Bruder*, 488 U. S. 9, 11 (1988) (MARSHALL, J., dissenting); *Rhodes* v. *Stewart*, 488 U. S. 1, 4 (1988) (MARSHALL, J., dissenting); *Buchanan* v. *Stanships, Inc.*, 485 U. S. 265, 269 (1988) (MARSHALL, J., dissenting); *Commissioner* v. *McCoy*, 484 U. S. 3, 7 (1987) (MARSHALL, J., dissenting). This risk of error is particularly unacceptable in capital cases where a man's life is at stake. I dissent.