PER CURIAM.
This is an appeal by the defendant Ishan Sanders from judgments of conviction and sentences for robbery with a firearm, burglary of a conveyance, and attempted second-degree murder. We affirm the judgments of conviction, but reverse the sentences and remand for resentencing.
First, we agree that the trial court erred in allowing the state to argue, in effect, to the jury, over objection, that one of the criminal perpetrators in this case [Patrick Newton] necessarily implicated the defendant in this crime during a conversation with the police. There was utterly no evidence at trial to support such an argument because the content of the conversation was not introduced in evidence as it concededly amounted to inadmissible hearsay. It is well established that the state is prohibited from commenting on matters outside the evidence produced at trial. Huff v. State, 437 So.2d 1087, 1090 (Fla.1983); Adams v. State, 585 So.2d *570 1092 (Fla. 3d DCA 1991). Moreover, the state may not, as here, invite the jury to speculate as to the contents of an otherwise inadmissible conversation, especially when the state is implying the existence of an identification of the defendant as a criminal perpetrator in the case. Williamson v. State, 459 So.2d 1125, 1126 (Fla. 3d DCA 1984).
Although the defendant has made a strong argument to the contrary, we are convinced beyond a reasonable doubt that the error in allowing this argument did not contribute to the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). (a) The defendant made a statement to the police, which he did not challenge at trial, in which he implicated himself in the charged robbery, but claimed he was only a “lookout” and fled on foot when he heard shots being fired. Consequently, the state’s improper argument that a eoperpetrator implicated the defendant in the charged robbery was nothing more than what the defendant conceded at trial anyway, (b) The victim of the robbery positively identified the defendant as one of the perpetrators after observing the defendant for at least five minutes under good lighting conditions. The defense efforts to discredit this identification as “speculative” and “weakened” by a later newscast which the victim saw have very little, if any, merit, (c) The victim’s stolen motor vehicle was traced to the defendant’s home where the firearm used to perpetrate the robbery was found by police. (d) The improper argument was rhetorical in nature and not extended in length.
Second, the trial court did not, as urged, commit reversible error in responding in writing to the jury’s requests for additional instructions during the jury’s deliberations. Although Fla.R.Crim.P. 3.410 requires that the trial judge give such requested additional instructions to the jury in open court rather than in writing, the error was not preserved by a proper defense objection to this procedure; moreover, the error, even if it had been preserved, was entirely harmless as it is clear beyond a reasonable doubt that it in no way contributed to the verdict. Hildwin v. State, 531 So.2d 124, 127 (Fla.1988), cert. denied, 490 U.S. 638, 109 S.Ct. 2055, 104 L.Ed.2d 728 (1989); Morgan v. State, 492 So.2d 1072, 1074 (Fla.1986).
Finally, in accord with the state’s confession of error, which we accept, we conclude the trial court committed a fundamental error in sentencing the defendant as an adult (1) without considering each of the criteria for determining the suitability of adult sanctions as provided in Section 39.-059(7)(c), (d), Florida Statutes (1991), and (2) without entering a written order containing findings of fact and reasons for imposing adult sanctions. Troutman v. State, 630 So.2d 528 (Fla.1993); State v. Cain, 381 So.2d 1361, 1367 (Fla.1980). Although the defendant was an adult at the time of sentencing, he was seventeen years old and thus a juvenile at the time of the offense; accordingly, Section 39.059(7), Florida Statutes (1991), was applicable to this ease. Toussaint v. State, 592 So.2d 770, 771 (Fla. 5th DCA 1992); Barkley v. State, 522 So.2d 431 (Fla. 1st DCA 1988); Rathbone v. State, 448 So.2d 85 (Fla. 2d DCA 1984).
The final judgments of conviction under review are affirmed. The sentences under review are, however, reversed, and the cause is remanded to the trial court with directions to resentence the defendant in accord with Section 39.059(7), Florida Statutes (1991).
Affirmed in part; reversed in part.