Cite as: 577 U. S. ____ (2016)  1

SOTOMAYOR, J., concurring

# SUPREME COURT OF THE UNITED STATES

CHRISTOPHER EUGENE BROOKS *v.* ALABAMA

ON APPLICATION FOR STAY AND PETITION FOR WRIT OF
CERTIORARI TO THE SUPREME COURT OF ALABAMA

No. 15–7786 (15A755) (Decided January 21, 2016)]

The application for stay of execution of sentence of death presented to JUSTICE THOMAS and by him referred to the Court is denied. The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG joins, concurring in the denial of certiorari.

This Court's opinion upholding Alabama's capital sentencing scheme was based on *Hildwin* v. *Florida*, 490 U. S. 638 (1989) (*per curiam*), and *Spaziano* v. *Florida*, 468 U. S. 447 (1984), two decisions we recently overruled in *Hurst* v. *Florida*, 577 U. S. ___ (2016). See *Harris* v. *Alabama*, 513 U. S. 504 (1995). I nonetheless vote to deny certiorari in this particular case because I believe procedural obstacles would have prevented us from granting relief.

JUSTICE BREYER, dissenting from denial of application for stay of execution and petition for certiorari.

Christopher Eugene Brooks was sentenced to death in accordance with Alabama's procedures, which allow a jury to render an "advisory verdict" that "is not binding on the court." Ala. Code §13A–5–47(e) (2006). For the reasons explained in my opinions concurring in the judgment in *Hurst* v. *Florida, ante,* at 1, and *Ring* v. *Arizona*, 536 U. S. 584, 613–619 (2002), and my dissenting opinion in *Schriro* v. *Summerlin*, 542 U. S. 348, 358–366 (2004), I dissent from the order of the Court to deny the application for stay of execution and the petition for a writ of certiorari.

Moreover, we have recognized that Alabama's sentencing scheme is "much like" and "based on Florida's sentencing scheme." *Harris* v. *Alabama*, 513 U. S. 504, 508 (1995). Florida's scheme is unconstitutional. See *Hurst*, *ante, at 1* (BREYER, J., concurring in judgment). The unfairness inherent in treating this case differently from others which used similarly unconstitutional procedures only underscores the need to reconsider the validity of capital punishment under the Eighth Amendment. See *Glossip* v. *Gross*, 576 U. S. ___, ___ (2015) (BREYER, J., dissenting) (slip op., at 1–2). I respectfully dissent.