PER CURIAM.
On December 19, 2014, this Court affirmed Corey Allen Wimbley's two convictions of murder made capital because they were committed during the commission of a robbery and an arson, see §§ 13A-5-40(a)(2) and (a)(9), Ala. Code 1975, and his resulting sentences of death.[1] Wimbley v. State, 191 So.3d 176 (Ala. Crim. App. 2014). On September 25, 2015, the Alabama Supreme Court denied Wimbley's petition for writ of certiorari.
On May 31, 2016, the Supreme Court of the United States vacated this Court's judgment and remanded the cause to this Court for further consideration in light of its decision in Hurst v. Florida, 577 U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016).[2] Thereafter, this Court allowed Wimbley to file a brief on remand from the Supreme Court. In his brief, Wimbley argued that Hurst invalidated Alabama's capital-sentencing scheme because: 1) the jury was told that its sentencing-phase verdict was a recommendation; 2) the jury's sentencing-phase recommendation does not have to be unanimous; 3) the trial judge is the final sentencing authority; and 4) the trial judge ultimately determines whether the aggravating factor or factors outweigh the mitigating factor or factors. After careful consideration, this Court holds that the decision in Hurst did not invalidate the procedure for imposing a sentence of death in Alabama.
In Ex parte Bohannon, 222 So.3d 525, 528 (Ala. 2016), the Alabama Supreme Court determined that the decision in Hurst did not affect Alabama's capital-sentencing procedure. Specifically, our Supreme Court held:
"In 2000, in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that the United States Constitution requires that any fact that increases the penalty for a crime above the statutory maximum must be presented to a jury and proven beyond a reasonable doubt. In Ring v.Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), the United States Supreme Court, applying its decision in Apprendi to a capital-murder case, stated that a defendant has a Sixth Amendment right to a 'jury determination of any fact on which the legislature conditions an increase in their maximum punishment.' 536 U.S. at 589, 122 S.Ct. 2428. Specifically, the Court held that the right to a jury trial guaranteed by the Sixth Amendment required that a jury 'find an aggravating circumstance necessary for imposition of the death penalty.' Ring, 536 U.S. at 585, 122 S.Ct. 2428. Thus, Ring held that, in a capital *1270 case, the Sixth Amendment right to a jury trial requires that the jury unanimously find beyond a reasonable doubt the existence of at least one aggravating circumstance that would make the defendant eligible for a death sentence.
"In Ex parte Waldrop, 859 So.2d 1181 (Ala. 2002), this Court considered the constitutionality of Alabama's capital-sentencing scheme in light of Apprendi and Ring, stating:
" 'Waldrop argues that under Alabama law a defendant cannot be sentenced to death unless, after an initial finding that the defendant is guilty of a capital offense, there is a second finding: (1) that at least one statutory aggravating circumstance exists, see Ala. Code 1975, § 13A-5-45(f), and (2) that the aggravating circumstances outweigh the mitigating circumstances, see Ala. Code 1975, § 13A-5-46(e)(3). Those determinations, Waldrop argues, are factual findings that under Ring must be made by the jury and not the trial court. Because, Waldrop argues, the trial judge in his case, and not the jury, found that two aggravating circumstances existed and that those aggravating circumstances outweighed the mitigating circumstances, Waldrop claims that his Sixth Amendment right to a jury trial was violated. We disagree.
" 'It is true that under Alabama law at least one statutory aggravating circumstance under Ala. Code 1975, § 13A-4-49, must exist in order for a defendant convicted of a capital offense to be sentenced to death. See Ala. Code 1975, § 13A-5-45(f) ("Unless at least one aggravating circumstance as defined in Section 13A-5-49 exists, the sentence shall be life imprisonment without parole."); Johnson v. State, 823 So.2d 1, 52 (Ala. Crim. App. 2001) (holding that in order to sentence a capital defendant to death, the sentencer " 'must determine the existence of at least one of the aggravating circumstances listed in [Ala. Code 1975,] § 13A-5-49' " (quoting Ex parte Woodard, 631 So.2d 1065, 1070 (Ala. Crim. App. 1993) )). Many capital offenses listed in Ala. Code 1975, § 13A-5-40, include conduct that clearly corresponds to certain aggravating circumstances found in § 13A-5-49:
" ' "For example, the capital offenses of intentional murder during a rape, § 13A-5-40(a)(3), intentional murder during a robbery, § 13A-5-40(a)(2), intentional murder during a burglary, § 13A-5-40(a)(4), and intentional murder during a kidnapping, § 13A-5-40(a)(1), parallel the aggravating circumstance that '[t]he capital offense was committed while the defendant was engaged ... [in a] rape, robbery, burglary or kidnapping,' § 13A-5-49(4)."
" ' Ex parte Woodard, 631 So.2d at 1070-71 (alterations and omission in original).
" 'Furthermore, when a defendant is found guilty of a capital offense, "any aggravating circumstance which the verdict convicting the defendant establishes was proven beyond a reasonable doubt at trial shall be considered as proven beyond a reasonable doubt for purposes of the sentencing hearing." Ala. Code 1975, § 13A-5-45(e) ; see also Ala. Code 1975, § 13A-5-50 ("The fact that a particular capital offense as defined in Section 13A-5-40(a) necessarily includes one or more aggravating circumstances as specified in Section 13A-5-49 shall not be construed to preclude the finding and consideration of that relevant circumstance *1271 or circumstances in determining sentence."). This is known as "double-counting" or "overlap," and Alabama courts "have repeatedly upheld death sentences where the only aggravating circumstance supporting the death sentence overlaps with an element of the capital offense." Ex parte Trawick, 698 So.2d 162, 178 (Ala. 1997) ; see also Coral v. State, 628 So.2d 954, 965 (Ala. Crim. App. 1992).
" 'Because the jury convicted Waldrop of two counts of murder during a robbery in the first degree, a violation of Ala. Code 1975, § 13A-5-40(a)(2), the statutory aggravating circumstance of committing a capital offense while engaged in the commission of a robbery, Ala. Code 1975, § 13A-5-49(4), was "proven beyond a reasonable doubt." Ala. Code 1975, § 13A-5-45(e) ; Ala. Code 1975, § 13A-5-50. Only one aggravating circumstance must exist in order to impose a sentence of death. Ala. Code 1975, § 13A-5-45(f). Thus, in Waldrop's case, the jury, and not the trial judge, determined the existence of the "aggravating circumstance necessary for imposition of the death penalty." Ring, 536 U.S. at 609, 122 S.Ct. at 2443. Therefore, the findings reflected in the jury's verdict alone exposed Waldrop to a range of punishment that had as its maximum the death penalty. This is all Ring and Apprendi require.
" '....
" 'Waldrop also claims that Ring and Apprendi require that the jury, and not the trial court, determine whether the aggravating circumstances outweigh the mitigating circumstances. See Ala. Code 1975, §§ 13A-5-46(e), 13A-5-47(e), and 13A-5-48. Specifically, Waldrop claims that the weighing process is a "finding of fact" that raises the authorized maximum punishment to the death penalty. Waldrop and several of the amici curiae claim that, after Ring, this determination must be found by the jury to exist beyond a reasonable doubt. Because in the instant case the trial judge, and not the jury, made this determination, Waldrop claims his Sixth Amendment rights were violated.
" 'Contrary to Waldrop's argument, the weighing process is not a factual determination. In fact, the relative "weight" of aggravating circumstances and mitigating circumstances is not susceptible to any quantum of proof. As the United States Court of Appeals for the Eleventh Circuit noted, "While the existence of an aggravating or mitigating circumstance is a fact susceptible to proof under a reasonable doubt or preponderance standard ... the relative weight is not." Ford v.Strickland, 696 F.2d 804, 818 (11th Cir. 1983). This is because weighing the aggravating circumstances and the mitigating circumstances is a process in which "the sentencer determines whether a defendant eligible for the death penalty should in fact receive that sentence." Tuilaepa v. California, 512 U.S. 967, 972, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994). Moreover, the Supreme Court has held that the sentencer in a capital case need not even be instructed as to how to weigh particular facts when making a sentencing decision. See Harris v. Alabama, 513 U.S. 504, 512, 115 S.Ct. 1031, 130 L.Ed.2d 1004 (1995) (rejecting "the notion that 'a specific method for balancing mitigating and aggravating factors in a capital sentencing proceeding is constitutionally required' "
*1272 (quoting Franklin v. Lynaugh, 487 U.S. 164, 179, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988) ) and holding that "the Constitution does not require a State to ascribe any specific weight to particular factors, either in aggravation or mitigation, to be considered by the sentencer").
" 'Thus, the weighing process is not a factual determination or an element of an offense; instead, it is a moral or legal judgment that takes into account a theoretically limitless set of facts and that cannot be reduced to a scientific formula or the discovery of a discrete, observable datum. See California v. Ramos, 463 U.S. 992, 1008, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983) ("Once the jury finds that the defendant falls within the legislatively defined category of persons eligible for the death penalty, ... the jury then is free to consider a myriad of factors to determine whether death is the appropriate punishment."); Zant v. Stephens, 462 U.S. 862, 902, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983) (Rehnquist, J., concurring in the judgment) ("sentencing decisions rest on a far-reaching inquiry into countless facts and circumstances and not on the type of proof of particular elements that returning a conviction does").
" 'In Ford v. Strickland, supra, the defendant claimed that "the crime of capital murder in Florida includes the element of mitigating circumstances not outweighing aggravating circumstances and that the capital sentencing proceeding in Florida involves new findings of fact significantly affecting punishment." Ford, 696 F.2d at 817. The United States Court of Appeals for the Eleventh Circuit rejected this argument, holding that "aggravating and mitigating circumstances are not facts or elements of the crime. Rather, they channel and restrict the sentencer's discretion in a structured way after guilt has been fixed." 696 F.2d at 818. Furthermore, in addressing the defendant's claim that the State must prove beyond a reasonable doubt that the aggravating circumstances outweighed the mitigating circumstances, the court stated that the defendant's argument
" ' "seriously confuses proof of facts and the weighing of facts in sentencing. While the existence of an aggravating or mitigating circumstance is a fact susceptible to proof under a reasonable doubt or preponderance standard, see State v. Dixon, 283 So.2d 1, 9 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. [1950], 40 L.Ed.2d 295 (1974), and State v. Johnson, 298 N.C. 47, 257 S.E.2d 597, 617-18 (1979), the relative weight is not. The process of weighing circumstances is a matter for judge and jury, and, unlike facts, is not susceptible to proof by either party."
" ' 696 F.2d at 818. Alabama courts have adopted the Eleventh Circuit's rationale. See Lawhorn v. State, 581 So.2d 1159, 1171 (Ala. Crim. App. 1990) ("while the existence of an aggravating or mitigating circumstance is a fact susceptible to proof, the relative weight of each is not; the process of weighing, unlike facts, is not susceptible to proof by either party"); see also Melson v. State, 775 So.2d 857, 900-901 (Ala. Crim. App. 1999) ; Morrison v. State, 500 So.2d 36, 45 (Ala. Crim. App. 1985).
" 'Thus, the determination whether the aggravating circumstances outweigh the mitigating circumstances is not a finding of fact or an element of *1273 the offense. Consequently, Ring and Apprendi do not require that a jury weigh the aggravating circumstances and the mitigating circumstances.'
" Ex parte Waldrop, 859 So.2d at 1187-90 (footnotes omitted). This Court concluded that 'all [that] Ring and Apprendi require' is that 'the jury ... determine[ ] the existence of the "aggravating circumstance necessary for imposition of the death penalty." ' 859 So.2d at 1188 (quoting Ring, 536 U.S. at 609, 122 S.Ct. 2428 ), and upheld Alabama's capital-sentencing scheme as constitutional when a defendant's capital-murder conviction included a finding by the jury of an aggravating circumstance making the defendant eligible for the death sentence.
"In Ex parte McNabb, 887 So.2d 998 (Ala. 2004), this Court further held that the Sixth Amendment right to a trial by jury is satisfied and a death sentence may be imposed if a jury unanimously finds an aggravating circumstance during the penalty phase or by special-verdict form. McNabb emphasized that a jury, not the judge, must find the existence of at least one aggravating factor for a resulting death sentence to comport with the Sixth Amendment.
"The United States Supreme Court in its recent decision in Hurst applied its holding in Ring to Florida's capital-sentencing scheme and held that Florida's capital-sentencing scheme was unconstitutional because, under that scheme, the trial judge, not the jury, made the 'findings necessary to impose the death penalty.' 577 U.S. ----, 136 S.Ct. at 622. Specifically, the Court held that Florida's capital-sentencing scheme violated the Sixth Amendment right to a trial by jury because the judge, not the jury, found the existence of the aggravating circumstance that made Hurst death eligible. The Court emphasized that the Sixth Amendment requires that the specific findings authorizing a sentence of death must be made by a jury, stating:
" 'Florida concedes that Ring required a jury to find every fact necessary to render Hurst eligible for the death penalty. But Florida argues that when Hurst's sentencing jury recommended a death sentence, it "necessarily included a finding of an aggravating circumstance." ... The State contends that this finding qualified Hurst for the death penalty under Florida law, thus satisfying Ring. "[T]he additional requirement that a judge also find an aggravator," Florida concludes, "only provides the defendant additional protection." ...
" 'The State fails to appreciate the central and singular role the judge plays under Florida law. ... [T]he Florida sentencing statute does not make a defendant eligible for death until "findings by the court that such person shall be punished by death." Fla. Stat. § 775.082(1) (emphasis added). The trial court alone must find "the facts ... [t]hat sufficient aggravating circumstances exist" and "[t]hat there are insufficient mitigating circumstances to outweigh the aggravating circumstances." § 921.141(3) .... "[T]he jury's function under the Florida death penalty statute is advisory only." Spaziano v. State, 433 So.2d 508, 512 (Fla. 1983). The State cannot now treat the advisory recommendation by the jury as the necessary factual finding that Ring requires.
" '....
" 'The Sixth Amendment protects a defendant's right to an impartial jury. This right required Florida to base Timothy Hurst's death sentence on a jury's verdict, not a judge's factfinding.
*1274 Florida's sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional.'
" Hurst, 577 U.S. ----, 136 S.Ct. at 622-24 (final emphasis added).
"Bohannon contends that, in light of Hurst, Alabama's capital-sentencing scheme, like Florida's, is unconstitutional because, he says, in Alabama a jury does not make 'the critical findings necessary to impose the death penalty.' 577 U.S. ----, 136 S.Ct. at 622. He maintains that Hurst requires that the jury not only determine the existence of the aggravating circumstance that makes a defendant death-eligible but also determine that the existing aggravating circumstance outweighs any existing mitigating circumstances before a death sentence is constitutional. Bohannon reasons that because in Alabama the judge, when imposing a sentence of death, makes a finding of the existence of an aggravating circumstance independent of the jury's fact-finding and makes an independent determination that the aggravating circumstance or circumstances outweigh the mitigating circumstance or circumstances found to exist, the resulting death sentence is unconstitutional. We disagree.
"Our reading of Apprendi, Ring, and Hurst leads us to the conclusion that Alabama's capital-sentencing scheme is consistent with the Sixth Amendment. As previously recognized, Apprendi holds that any fact that elevates a defendant's sentence above the range established by a jury's verdict must be determined by the jury. Ring holds that the Sixth Amendment right to a jury trial requires that a jury 'find an aggravating circumstance necessary for imposition of the death penalty.' Ring, 536 U.S. at 585, 122 S.Ct. 2428. Hurst applies Ring and reiterates that a jury, not a judge, must find the existence of an aggravating factor to make a defendant death-eligible. Ring and Hurst require only that the jury find the existence of the aggravating factor that makes a defendant eligible for the death penalty-the plain language in those cases requires nothing more and nothing less. Accordingly, because in Alabama a jury, not the judge, determines by a unanimous verdict the critical finding that an aggravating circumstance exists beyond a reasonable doubt to make a defendant death-eligible, Alabama's capital-sentencing scheme does not violate the Sixth Amendment.
"Moreover, Hurst does not address the process of weighing the aggravating and mitigating circumstances or suggest that the jury must conduct the weighing process to satisfy the Sixth Amendment. This Court rejected that argument in Ex parte Waldrop, holding that that the Sixth Amendment 'do[es] not require that a jury weigh the aggravating circumstances and the mitigating circumstances' because, rather than being 'a factual determination,' the weighing process is 'a moral or legal judgment that takes into account a theoretically limitless set of facts.' 859 So.2d at 1190, 1189. Hurst focuses on the jury's factual finding of the existence of a aggravating circumstance to make a defendant death-eligible; it does not mention the jury's weighing of the aggravating and mitigating circumstances. The United States Supreme Court's holding in Hurst was based on an application, not an expansion, of Apprendi and Ring; consequently, no reason exists to disturb our decision in Ex parte Waldrop with regard to the weighing process. Furthermore, nothing in our review of Apprendi, Ring, and Hurst leads us to conclude *1275 that in Hurst the United States Supreme Court held that the Sixth Amendment requires that a jury impose a capital sentence. Apprendi expressly stated that trial courts may 'exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment within the range prescribed by statute.' 530 U.S. at 481, 120 S.Ct. 2348. Hurst does not disturb this holding.
"Bohannon's argument that the United States Supreme Court's overruling in Hurst of Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), and Hildwin v. Florida, 490 U.S. 638, 109 S.Ct. 2055, 104 L.Ed.2d 728 (1989), which upheld Florida's capital-sentencing scheme against constitutional challenges, impacts the constitutionality of Alabama's capital-sentencing scheme is not persuasive. In Hurst, the United States Supreme Court specifically stated: 'The decisions [in Spaziano and Hildwin ] are overruled to the extent they allow a sentencing judge to find an aggravating circumstance, independent of a jury's factfinding, that is necessary for imposition of the death penalty.' Hurst, 577 U.S. ----, 136 S.Ct. at 624 (emphasis added). Because in Alabama a jury, not a judge, makes the finding of the existence of an aggravating circumstance that makes a capital defendant eligible for a sentence of death, Alabama's capital-sentencing scheme is not unconstitutional on this basis.
"Bohannon's death sentence is consistent with Apprendi, Ring, and Hurst and does not violate the Sixth Amendment. The jury, by its verdict finding Bohannon guilty of murder made capital because 'two or more persons [we]re murdered by the defendant by one act or pursuant to one scheme or course of conduct,' see § 13A-5-40(a)(10), Ala. Code 1975, also found the existence of the aggravating circumstance, provided in § 13A-5-49(9), Ala. Code 1975, that '[t]he defendant intentionally caused the death of two or more persons by one act or pursuant to one scheme of course of conduct,' which made Bohannon eligible for a sentence of death. See also § 13A-5-45(e), Ala. Code 1975 ('[A]ny aggravating circumstance which the verdict convicting the defendant establishes was proven beyond a reasonable doubt at trial shall be considered as proven beyond a reasonable doubt for purposes of the sentence hearing.'). Because the jury, not the judge, unanimously found the existence of an aggravating factor-the intentional causing of the death of two or more persons by one act or pursuant to one scheme of course of conduct-making Bohannon death-eligible, Bohannon's Sixth Amendment rights were not violated.
"....
"Next, Bohannon contends that an instruction to the jury that its sentence is merely advisory conflicts with Hurst because, he says, Hurst establishes that an 'advisory recommendation' by the jury is insufficient as the 'necessary factual finding that Ring requires.' Hurst, 577 U.S. ----, 136 S.Ct. at 622 (holding that the 'advisory' recommendation by the jury in Florida's capital-sentencing scheme was inadequate as the 'necessary factual finding that Ring requires'). Bohannon ignores the fact that the finding required by Hurst to be made by the jury, i.e., the existence of the aggravating factor that makes a defendant death-eligible, is indeed made by the jury, not the judge, in Alabama. Nothing in Apprendi, Ring, or Hurst suggests that, once the jury finds the existence of the aggravating circumstance that establishes the range of punishment to include death, the jury cannot make a *1276 recommendation for the judge to consider in determining the appropriate sentence or that the judge cannot evaluate the jury's sentencing recommendation to determine the appropriate sentence within the statutory range. Therefore, the making of a sentencing recommendation by the jury and the judge's use of the jury's recommendation to determine the appropriate sentence does not conflict with Hurst."
Ex parte Bohannon, 222 So. 3d at 528-34. See also State v.Billups, 223 So. 3d 954, 958 (Ala. Crim. App. 2016) (holding that the Supreme Court of the United States's decision in Hurst did not invalidate Alabama's capital-sentencing scheme).
Here, as in Bohannon, Wimbley's jury unanimously found beyond a reasonable doubt the existence of an aggravating circumstance during the guilt phase of his trial. See § 13A-5-45(e), Ala. Code 1975 ("[A]ny aggravating circumstance which the verdict convicting the defendant establishes was proven beyond a reasonable doubt at trial shall be considered as proven beyond a reasonable doubt for purposes of the sentence hearing."). Specifically, the jury found Wimbley guilty of murder made capital because it was committed during the course of a robbery. See § 13A-5-40(a)(2), Ala. Code 1975 (defining the following capital offense: "Murder by the defendant during a robbery in the first degree."); § 13A-5-49(4), Ala. Code 1975 (defining the following aggravating circumstance: "The capital offense was committed while the defendant was engaged or was an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit ... robbery."). Consequently, the jury's guilt-phase verdict satisfied Wimbley's Sixth Amendment right to a jury finding as to the existence of an aggravating circumstance. That, as the Alabama Supreme Court explained, is all that " Ring and Hurst require ... nothing more and nothing less." Ex parte Bohannon, 222 So. 3d at 532.
Accordingly, Wimbley's capital-murder convictions and sentences of death are affirmed.
AFFIRMED.
Windom, P.J., and Welch, Burke, and Joiner, JJ., concur.
Kellum, J., not sitting.
Alabama Supreme Court 1160546

Windom, P.J., concurred. Kellum, J., concurred in part and concurred in the result on a guilt-phase issue. Burke, J., concurred in the result. Welch and Joiner, JJ., dissented on a guilt-phase issue.

The facts of Wimbley's crimes are detailed in Wimbley, 191 So.3d at 192-94, and will not be repeated here.