# Supreme Court of Florida

_____

No. SC16-729
_____

**EDWARD J. ZAKRZEWSKI, II,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[May 25, 2017]

PER CURIAM.

This case is before the Court on Edward J. Zakrzewski, II's petition for a writ of habeas corpus claiming a right to relief under the United States Supreme Court's decision in Hurst v. Florida, 136 S. Ct. 616 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, No. 16-998 (U.S. May 22, 2017). We have jurisdiction. See art. V, § 3(b)(9), Fla. Const. For the following reasons, we affirm Zakrzewski's three sentences of death.

In 1994, Zakrzewski pled guilty to three charges of first-degree murder for the deaths of his wife and two young children. Zakrzewski v. State, 717 So. 2d 488, 490 (Fla. 1998), cert. denied, 525 U.S. 1126 (1999). After the penalty phase,

the jury recommended sentences of death for the murders of Zakrzewski's wife and son, both by a vote of seven to five. Id. at 491. For the murder of Zakrzewski's daughter, the jury recommended a sentence of life imprisonment without parole. Id. The trial court, concluding that the aggravating factors outweighed the mitigating circumstances for all three murders, followed the jury's recommendation on the first two and overrode the jury's recommendation on the third and sentenced Zakrzewski to death for all three murders. Id. On direct appeal, this Court "affirm[ed] the three death sentences." Id. at 495.

In 2003, Zakrzewski appealed the trial court's denial of postconviction relief on his claim that Florida's death penalty is unconstitutional under the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Ring v. Arizona, 536 U.S. 584 (2002). Zakrzewski v. State, 866 So. 2d 688, 692, 696 (Fla. 2003). This Court affirmed the trial court's denial of postconviction relief. Id. at 697. Zakrzewski now claims that his death sentences are unconstitutional under Hurst v. Florida and Hurst and that he is entitled to relief under chapter 2016-13, Laws of Florida.

In Asay v. State, 210 So. 3d 1 (Fla. 2016), petition for cert. filed, No. 16-9033 (U.S. Apr. 29, 2017), we held that Hurst does not apply retroactively to sentences of death that were final before the United States Supreme Court decided Ring. In Marshall v. State, 2017 WL 1739246 (Fla. May 4, 2017), we denied

Marshall's petition for a writ of habeas corpus based on Asay, concluding that the judicial override in Marshall's case did not warrant an exception to the retroactivity analysis in Asay. Id. Zakrzewski's sentences became final in 1999 when the United States Supreme Court denied his petition for certiorari review. Thus, Zakrzewski is not entitled to Hurst relief, and we deny his petition for writ of habeas corpus.

It is so ordered.

LABARGA, C.J., and QUINCE, POLSTON, and LAWSON, JJ., concur.
PARIENTE, J., concurs in result with an opinion.
LEWIS and CANADY, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

Despite the savage, horrific way in which Zakrzewski, a veteran of the United States Air Force, murdered his wife and two children, the jury votes in this case, where "the trial judge found two statutory mitigating [circumstances], as well as a number of nonstatutory mitigating [circumstances]," were 7-5, 7-5, and 6-6. Zakrzewski v. State, 717 So. 2d 488, 494 (Fla. 1988). Following the jury's two recommendations for death and overriding the jury's third recommendation for life, the trial court sentenced Zakrzewski to death for all three murders. The sentences of death became final in 1999. Majority op. at 3.

I concur in the majority's result because I am bound by this Court's precedent in Asay v. State, 210 So. 3d 1 (Fla. 2016), petition for cert. filed, No. 16-9033 (U.S. Apr. 29, 2017), and Marshall v. State, 2017 WL 1739246 (Fla. May 4, 2017), which held that Hurst v. State (Hurst), 202 So. 3d 40 (Fla. 2016), cert. denied, No. 16-998 (U.S. May 22, 2017), does not apply retroactively to sentences of death that became final before the United States Supreme Court decided Ring v. Arizona, 536 U.S. 584 (2002), and there is no exception to this rule for sentences that resulted from judicial overrides.

However, as I expressed in Asay and Chief Justice Labarga expressed in Marshall, the judicial override for the death sentence where the jury voted for life "constitutes an injustice that should be remedied." Marshall, 2017 WL 1739246, at *1 (Labarga, C.J., dissenting); accord Asay, 210 So. 3d at 35 n.32 (Pariente, J., concurring in part and dissenting in part). Of course, in this case, as Petitioner points out, Zakrzewski's counsel raised arguments substantially similar to those that were eventually recognized in both Ring and Hurst, including that Florida's capital sentencing scheme was unconstitutional under the Sixth Amendment and article I, section 16, of the Florida Constitution for requiring only a bare majority of the jury's vote to impose death.

As Justice Anstead stated, dissenting to this Court's 1998 opinion affirming the judicial override in this case, joined by Chief Justice Kogan and Justice Shaw:

The majority has not honored <u>Tedder</u> and our consistent case law in holding that, despite the unusual and unique circumstances involved herein, and the extensive amount of statutory and non-statutory mitigation established, no reasonable juror could vote for mercy, as the jury did here, and spare appellant's life for the killing of the child Anna, while voting for death in the killing of Edward.

The mistake of the majority is illustrated by the recent case of <u>Esty v. State</u>, 642 So. 2d 1074, 1076 (Fla. 1994), where the trial court overrode the jury's life recommendation and found the HAC and CCP aggravators, the statutory mitigator of no significant prior criminal history, and no nonstatutory mitigation. In reversing the improper override, we explained the <u>Tedder</u> standard and its application:

> For a trial judge to override a jury recommendation of life, 'the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ.' <u>Tedder v. State</u>, 322 So. 2d 908, 910 (Fla. 1975). <u>An override is improper if there is a reasonable basis in the record to support the jury's recommendation.</u> <u>Ferry v. State</u>, 507 So. 2d 1373, 1376 (Fla. 1987). The record in this case reveals a number of factors that support the jury's recommendation, including Esty's age of eighteen at the time of the murder, his lack of a criminal history, his potential for rehabilitation, and the possibility that he acted in an emotional rage. Thus, we conclude that jury override was improper <u>because the jurors could have relied on these factors established in the record to recommend a life sentence in this case</u>.

<u>Id.</u>, 642 So. 2d at 1080 (emphasis supplied). Similarly, in <u>Strausser v. State</u>, 682 So. 2d 539, 542 (Fla. 1996), we found that the trial court's override failed the <u>Tedder</u> standard because "there was vast mitigation to support the jury's recommendation." Likewise, we have just recently again reaffirmed this enduring standard in reversing the trial court's override of the jury's recommendation of a life sentence in <u>Pomeranz v. State</u>, 703 So. 2d 465, 471 (Fla. 1997), the latest of a series of recent cases wherein we have consistently reaffirmed <u>Tedder</u>. See <u>Marta-Rodriguez v. State</u>, 699 So. 2d 1010, 1012-1013 (Fla. 1997); <u>Jenkins v. State</u>, 692 So. 2d 893, 895 (Fla. 1997); <u>Boyett v. State</u>, 688 So. 2d 308, 310 (Fla. 1996).

The majority has not considered the facts in a light most favorable to the recommendation of the jury, as we are required to do, or acknowledged the unchallenged reasonable basis in the record supporting the jury's vote as to Anna's death. Further, the majority has ignored not only the evidence and inferences therefrom that would support the jury's recommendation, but has also ignored the fact that even the jury vote recommending death was by a slim seven to five margin, one vote away from a life recommendation for the appellant. Hence, the majority, in direct violation of the law and our decision in <u>Tedder</u> has substituted its subjective analysis of the facts for the views of the sworn and death-qualified jurors, who not only could have had reasonable but differing views as to whether death was appropriate, but <u>did</u> have those views and openly expressed them. The majority has apparently concluded that because its members would not have extended mercy, the views of the twelve citizens sitting on this jury extending mercy will be ignored.

There can be no legitimate dispute that the jury had an abundance of evidence upon which it could have based its life recommendation for Anna's death. Indeed, the extensive mitigation found by the trial court in this case is vastly greater than that found in the cases discussed above and, both in its nature and degree, is unique. Even the trial judge, who obviously disagreed with the jury's recommendation, acknowledged the existence of the unusual extent of the mitigation and found two statutory mitigators, no significant prior criminal history and under the influence of an extreme mental or emotional disturbance, and gave varying degrees of weight to some fourteen (14) nonstatutory mitigators, ranging from substantial to slight weight. On such a record there is simply no way that we can properly conclude that there is no "reasonable basis in the record to support the jury's recommendation."

. . . .

<u>As we approach the 21st century of our civilization, do we really want to take a law (the trial judge's sentencing discretion) that was intended to act as a rational check on a jury possibly voting for death based upon an emotional appeal, and twist that law so as to use it as a sword for the judiciary to emotionally trump a jury acting with reasoned mercy</u>?

- 6 -

<u>Zakrzewski</u>, 717 So. 2d at 496-97 (Anstead, J., concurring in part and dissenting in part) (last emphasis added) (footnote omitted).

The bottom line is that, in light of <u>Hurst</u>, we should at least reconsider our case law on judicial overrides. Only three defendants stand sentenced to death as a result of a judicial override. Zakrzewski's sentence was the most recent of the judicial override sentences that this Court affirmed, and we have not affirmed a judicial override on direct appeal since Zakrzewski's case. Further, the cases upon which this Court relied to uphold jury overrides—<u>Spaziano v. Florida</u>, 468 U.S. 447 (1984), and <u>Hildwin v. Florida</u>, 490 U.S. 638 (1989)—have now been overruled by the United States Supreme Court in <u>Hurst v. Florida</u>. <u>See, e.g.</u>, <u>Marshall v. Crosby</u>, 911 So. 2d 1129, 1135 (Fla. 2005).

As this Court has explained, when a jury recommends a sentence of life, "a majority of a twelve-person jury concluded that . . . the record before them . . . compelled a life recommendation." <u>Keen v. State</u>, 775 So. 2d 263, 284 n.19 (Fla. 2000). Since Zakrzewski's case, the Court has emphasized the "fundamental distinction . . . between a defendant who receives an advisory sentence of death from a jury as opposed to one who receives an advisory sentence of life." <u>Weaver v. State</u>, 894 So. 2d 178, 200 (Fla. 2004); <u>see</u> <u>Coleman v. State</u>, 64 So. 3d 1210, 1225-27 (Fla. 2011). After <u>Hurst v. Florida</u> and <u>Hurst</u>, which emphasized the critical importance of the jury's findings and ultimate sentence recommendation in

capital sentencing, this distinction is even clearer.  Thus, I would grant <u>Hurst</u> relief to Zakrzewski for his third sentence of death that resulted from a judicial override.

Although granting relief to Zakrzewski based on the judicial override in his case would not disturb Zakrzewski's other two "bare majority" death sentences, recognizing that judicial overrides warrant relief under <u>Hurst</u> would afford relief to the two other pre-<u>Ring</u> defendants whose sentences were the product of the clearly unconstitutional judicial override.  <u>See</u> <u>Marshall</u>, 2017 WL 1739246, at *1-3 (Labarga, J., dissenting).

Original Proceeding – Habeas Corpus

Martin J. McClain of McClain & McDermott, P.A., Wilton Manors, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, and Carolyn M. Snurkowski, Assistant Deputy Attorney General, Tallahassee, Florida,

    for Respondent